UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

```
-----------------------------------------------------------)
SWEATWORKS LLC,                                            )
        Plaintiff,                                         )    Case No. 1:19-cv-07484
                                                           )
v.                                                         )
                                                           )    COMPLAINT
SWEATWORKING, INC.,                                        )
        Defendant.                                         )    DEMAND JURY TRIAL
                                                           )
---------------------------------------------------------- )
```

1. The plaintiff, SweatWorks LLC ("SweatWorks" or "plaintiff"), for its complaint against the defendant, SweatWorking, Inc. ("SweatWorking" or "defendant"), states that:

NATURE OF THE ACTION

2. In this action the plaintiff, SweatWorks, the owner of the distinctive and nationally recognized trademark and service mark "SWEATWORKS," seeks to recover damages and to obtain preliminary and permanent injunctions for the defendant's trademark and service mark infringement under the Lanham Act and at common law; for the defendant's infringement of the plaintiff's federally registered trademark and service mark; for the defendant's false designation of origin under the Lanham Act, 15 U.S.C. § 1125; for dilution by the defendant under 15 U.S.C. §1125(c); for dilution by the defendant under the Illinois Trademark Registration and Protection Act 765 ILCS 1036/1, et seq.; for the defendant's unfair competition; and for the defendant's unfair and deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and principles of supplemental and ancillary jurisdiction. This Court has subject matter jurisdiction over the plaintiff's claims arising under the trademark laws of the United States.

4. This Court has jurisdiction over the plaintiff's state common law claims for trademark infringement, unfair competition, and unfair and deceptive acts or practices under 28 U.S.C. § 1367 because these claims are so related to the claims arising under Title 15 of the United States Code that they form part of the same case or controversy.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the defendant resides in this district and a substantial part of the events giving rise to the claim occurred here.

6. This Court has personal jurisdiction over the defendant because the defendant has its principal place of business in Cook County in this district and has had regular and consistent contacts with the State of Illinois sufficient to confer personal jurisdiction.

## THE PARTIES

7. The plaintiff, SweatWorks LLC, is a Virginia limited liability company with its principal place of business at 1201 Wilson Blvd., 27th Floor, Arlington, Virginia 22209.

8. The defendant, SweatWorking, Inc., is an Illinois corporation with its principal place of business at SweatWorking, Inc. 211 W Wacker Dr., 3rd Floor, Chicago, Illinois 60606 and its registered agent located at 758 N. Larrabee St., Apt. 701, Chicago, Illinois 60654.

FACTUAL BACKGROUND

The Plaintiff's Rights

9. SweatWorks is in the business of software, including software related to fitness businesses, tracking fitness, and athlete profile management, as well as downloadable mobile applications for use with fitness activities. SweatWorks provides these products and services to customers across the United States and worldwide in commerce and computer ecommerce.

10. SweatWorks has used the mark "SWEATWORKS" in commerce in the United States since at least as early as October 15, 2012 for its fitness related software, and SweatWorks has used the SWEATWORKS mark continuously in connection with its products and services from October 2012 to the present.

11. SweatWorks has acquired common law rights in its "SWEATWORKS" mark through its use of the mark as a trade name and in association with its products and services including fitness related software.

12. On April 14, 2015, SweatWorks applied to register the mark SWEATWORKS. A registration issued as U.S. Registration No. 5,032,051 on August 30, 2016 for computer e-commerce software to allow users to perform electronic business transactions via a global computer network; computer software for use with, fitness and athletic event registration, scoring and obtaining payment, tracking fitness and athlete profile management, event management, functional fitness box management, in the field of fitness and athletic events; computer software, namely, electronic financial platform that accommodates multiple types of payment and debt transactions in an integrated mobile phone, PDA, and web based environment; downloadable computer software for use with fitness and athletic event registration, scoring and athlete profile

management; downloadable mobile applications for use with fitness and athletic event registration, scoring and athlete profile management; downloadable software for use with, fitness and athletic event registration, scoring and obtaining payment, tracking fitness and athlete profile management, event management, functional fitness box management, in the field of fitness and athletic events in Class 9; for athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms in Class 25; and for computer project management services; computer software development and computer programming development for others; computer software development in the field of mobile applications; consultancy with regard to webpage design; consulting in the field of IT project management; custom design and development of computer software; design and development of computer software; design and development of computer software for the improvements of purchasing functions of business; design, development and implementation of software; design, development, and implementation of software for fitness and athletic event registration, scoring and obtaining payment, tracking fitness and athlete profile management, event management, cross fit box management; developing customized software in the field of fitness and athletics for others; website design and development for others in Class 42. A true and accurate copy of the registration is attached hereto and made a part hereof as Exhibit "A".

13. U.S. Registration No. 5,032,051 is valid and subsisting, and is prima facie evidence of the plaintiff's exclusive right to use the SWEATWORKS mark in commerce in connection with the above referenced goods and services.

14. As a result of its use and registration of the mark, SweatWorks has rights in the trademark and service mark SWEATWORKS.

15. Through extensive use of the SWEATWORKS mark, SWEATWORKS has become distinctively connected with SweatWorks and its products and services. Today, SweatWorks has provided products and services, including mobile applications, to customers across the fitness industry. Customers of SweatWorks have included Equinox, Bear Grills Survival Challenge, Samsung, Spartan, and SoulCycle.

16. SweatWorks has made substantial investments in advertising and promoting its products and services under its SWEATWORKS mark.

17. As a result of the goodwill and reputation that SweatWorks has associated with its SWEATWORKS mark, customers seeking digital products and services for the fitness industry have come to recognize the SWEATWORKS mark as indicating the high-quality products and services that the plaintiff, SweatWorks, provides with its SWEATWORKS mark.

18. Accordingly, the SWEATWORKS mark is distinctive and has acquired secondary meaning.

### The Fame of the SWEATWORKS mark

19. SweatWorks has promoted and advertised its fitness goods and services under its SWEATWORKS mark throughout the United States for over 7 years.

20. SweatWorks has spent substantial sums of money promoting and advertising its fitness products and services under its SWEATWORKS mark.

21. Accordingly, the plaintiff's SWEATWORKS mark has achieved widespread recognition with the general public, making the SWEATWORKS mark famous as understood by Trademark Act Section 43(c), 15 U.S.C. § 1125(c).

The Defendant's Actions

22. The defendant, SweatWorking, is in the business of providing software for creating, distributing, and monitoring fitness content.

23. The defendant was informed of the plaintiff's federally registered trademark and service mark SWEATWORKS at least as early as September 16, 2017.

24. On information and belief, the defendant did not begin using SweatWorking until its release of its mobile application in December 2017.

25. The defendant is using "SweatWorking" in connection with a mobile application for fitness and wellness-related content.

26. The defendant is using "SweatWorking" as a trade name.

27. The defendant owns and operates the domain www.sweatworking.com where it advertises a digital fitness related product it refers to as "SweatWorking."

28. As further examples of defendant's use, attached hereto and made a part hereof as Exhibit "B" is a true and accurate copy of a page from the defendant's website.

29. Attached hereto and made a part hereof as Exhibit "C" is a true and accurate copy of an advertisement of the defendant's "SweatWorking" mobile fitness application offered for sale by the defendant on the Apple App Store.

30. In social media, the defendant's Facebook profile titled "SweatWorking" advertises a mobile application for "On-Demand Fitness." The defendant's Facebook profile uses the term "SweatWorking" as a trade name and as the name for a mobile application product. As an example, attached hereto and made a part hereof as Exhibit "D" is a true and accurate copy of a page from the defendant's Facebook profile.

31. On June 15, 2017, the defendant filed an intent to use application to register SWEATWORKING as a trademark, and the application was abandoned when the defendant did not respond to an Office Action dated September 16, 2017.

32. The Office Action refused registration of SWEATWORKING "under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's proposed mark, when used on or in connection with the identified goods, so resembles the mark in U.S. Registration No. 5032051 [the plaintiff's registration] as to be likely to cause confusion, or to cause mistake, or to deceive." *See* Office Action at page 2.

33. Attached hereto and made a part hereof as Exhibit "E" is a true and accurate copy of the defendant's U.S. Application Serial Number 87/490,731 filed on June 15, 2017 as an intent to use application.

34. Attached hereto and made a part hereof as Exhibit "F" is a true and accurate copy of the September 16, 2017, Office Action. The defendant did not respond to the Office Action, resulting in abandonment of the application.

35. The Office Action, at pages 30-32, includes a copy of the registration owned by SweatWorks of the mark SWEATWORKS, U.S. Registration No. 5,032,051.

36. From the Office Action, the defendant knew of the registration by the plaintiff, SweatWorks, of the SWEATWORKS mark, of the plaintiff's rights in that mark, and that the defendant's proposed mark SWEATWORKING, when used on or in connection with the identified goods, so resembles the plaintiff's registered mark SWEATWORKS that it would be likely to cause confusion, or to cause mistake, or to deceive.

37. Without regard for the plaintiff's rights, the defendant proceeded to use the proposed mark SWEATWORKING for goods identified in its intent to use application.

38.     The defendant's use of SweatWorking, including as a mark for its services and products, as the name of its mobile app, as a trade name, as part of its web address, and on its social media profiles, infringes the rights of SweatWorks and is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, and affiliation with or approval by SweatWorks of the products and services of the defendant.

39.     There is overlap in the prospective purchasers of the products and services of SweatWorks and the defendant.  Both parties market products and services to fitness service providers.  Both parties also provide products and services directly to end users through mobile app stores such as the Apple App Store and Google Play.  The defendant's mark is confusingly similar to the plaintiff's registered mark SWEATWORKS.

40.     The use, by the defendant, of a confusingly similar mark for similar products and services is likely to cause confusion and deception of members of the trade and public.  By introducing and willfully continuing to cause confusion in the marketplace, the defendant is causing and will continue to cause substantial injury.

41.     On or about April 8, 2019, counsel for SweatWorks contacted the defendant setting forth the plaintiff's rights, the defendant's infringement and dilution of those rights, and the plaintiff's concern that the defendant's use of a confusingly similar trademark and trade name would create a likelihood of confusion, mistake, or deception in the marketplace, and that it could lead customers to the mistaken conclusion that there is some connection or relationship between SweatWorks and the defendant.

42.     Despite further communications, the defendant, SweatWorking, has neglected or refused to cease its infringement and dilution.

## COUNT I (Infringement of Common Law Trademarks)

43. SweatWorks repeats and realleges paragraphs 1 through 42 of this complaint as if they were fully set forth.

44. SweatWorks owns all rights, title, and interest in the mark SWEATWORKS, including all common law rights.

45. The defendant has infringed and is infringing common law rights of SweatWorks in SWEATWORKS by the defendant's use of SweatWorking.

46. The defendant was informed of the plaintiff's rights, title, and interest in the mark SWEATWORKS in a communication from the United States Patent and Trademark Office on September 16, 2017.

47. The defendant's use of SweatWorking, in violation of rights owned by the plaintiff, SweatWorks, is willful.

48. SweatWorks has been and is being damaged by the defendant's infringement of its common law rights.

49. SweatWorks has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

## COUNT II (Infringement of Federally Registered SWEATWORKS Mark)

50. SweatWorks repeats and realleges paragraphs 1 through 49 of this complaint as if they were fully set forth.

51. The defendant has infringed and is infringing the federally registered trademark and service mark SWEATWORKS, owned by SweatWorks, with U.S. Registration No. 5,032,051. The defendant was informed of the federally registered trademark and service mark SWEATWORKS at least as early as September 16, 2017.

52. The defendant's use and continued use of SWEATWORKING in violation of the rights owned by the plaintiff, SweatWorks, is willful.

53. The defendant has used and continues to use variations of the federally registered trademark and service mark SWEATWORKS to provide goods and services in interstate commerce, and that use and continued use is likely to cause confusion.

54. SweatWorks has been and is being damaged by the defendant's infringement of its federally registered mark.

55. SweatWorks has suffered irreparable injury due to the above described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

56. SweatWorks is entitled to injunctive relief and to recover the defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

COUNT III (False Designation of Origin Under the Lanham Act)

57. SweatWorks repeats and realleges paragraphs 1 through 56 of this complaint as if they were fully set forth.

58. The defendant's actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for the use in commerce of any word, term, name, symbol,

or device, or any combination thereof, or any false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

59. The defendant's continued use of the mark SweatWorking is in violation of the plaintiff's rights and is willful.

60. SweatWorks has been and is being damaged as a result of the defendant's violation of 15 U.S.C. § 1125(a).

61. SweatWorks has suffered irreparable injury due to the above described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

COUNT IV (Dilution under 15 U.S.C. §1125(c))

62. SweatWorks repeats and realleges paragraphs 1 through 61 of this complaint as if they were fully set forth.

63. The plaintiff's trademark and service mark SWEATWORKS has become famous, as that term is used and defined in 15 U.S.C. §1125(c).

64. The defendant's commercial use of the mark SweatWorking has caused and will continue to cause dilution of the distinctive quality of the SWEATWORKS mark owned by SweatWorks, in violation of 15 U.S.C. §1125(c).

65. The defendant's continued use of SweatWorking is in violation of the plaintiff's rights and is willful.

66. SweatWorks has been damaged by the defendant's dilution of the distinctive quality of its famous mark.

67. SweatWorks has suffered irreparable injury due to the above described activities of the defendant and will continue to suffer irreparable injury if the defendant is not preliminarily and permanently enjoined.

COUNT V (Dilution under Illinois Trademark Registration and Protection Act
765 ILCS 1036/1, et seq.)

68. SweatWorks repeats and realleges paragraphs 1 through 67 of this complaint as if they were fully set forth.

69. The defendant's use of SweatWorking in commerce is causing a likelihood of injury to the business reputation of SweatWorks and of dilution of the distinct quality of its SWEATWORKS mark.

70. By reason of the foregoing, SweatWorks is entitled to relief under 765 ILCS 1036/1, et seq.

COUNT VI (The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")
815 ILCS 505/1, et seq.)

71. SweatWorks repeats and realleges paragraphs 1 through 70 of this complaint as if they were fully set forth.

72. On information and belief, the likelihood of confusion caused by the defendant's unauthorized use of variations of the plaintiff's SWEATWORKS marks, including but not limited to defendant's use in selling, promotion, advertising, distribution and/or offering for sale, results in a false designation of origin, a false or misleading description of fact, and/or false or

misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    A.    the affiliation, connection or association of the defendant's marks with the plaintiff's SWEATWORKS mark, as well as with the corporate identity SweatWorks;

    B.    the origin, sponsorship, or approval of the defendant's marks by SweatWorks; and

    C.    the nature, characteristics, or qualities of the defendant's goods that bear variations of the plaintiff's SWEATWORKS mark and/or rendering of services by the defendant in association with variations of the plaintiff's SWEATWORKS mark.

73. The conduct of the defendant constitutes unfair methods of competition or unfair or deceptive acts and practices in the conduct of a trade or business in violation of the ICFA.

74. The defendant's website page exemplified in Exhibit "B", the defendant's Apple App Store product page exemplified in Exhibit "C", and the defendant's social media exemplified in Exhibit "D" constitute misleading advertising in promotion of the defendant's business because it is likely to confuse and deceive members of the purchasing public.

75. The defendant's continued use of "SweatWorking" as a mark, as a trade name, and in its identity is in violation of rights of SweatWorks and is willful.

76. As a direct and proximate result of the conduct of the defendant in violation of the ICFA, its unfair and deceptive acts and practices, and its willful or knowing violations of the ICFA, SweatWorks has been and is being severely damaged.

77. SweatWorks has suffered and will continue to suffer irreparable injury due to the above described activities of the defendant if the defendant is not preliminarily and permanently enjoined.

### COUNT VII (Common Law Unfair Competition)

78. SweatWorks repeats and realleges paragraphs 1 through 77 of this complaint as if they were fully set forth.

79. Plaintiff own all rights, title, and interest in and to the SWEATWORKS mark, including but not limited to all common law rights in such mark due to first use.

80. On information and belief, the defendant's unauthorized use of variations of the plaintiff's SWEATWORKS mark having likelihood of confusion, including but not limited to the defendant's use in selling, promotion, advertising, distribution and/or offering for sale, constitutes a false designation of origin, a false or misleading description of fact, false or misleading representation of fact, false pretense, and/or false promise and has caused and is likely to cause confusion, mistake, and/or deception as to the following:

    A.    the affiliation, connection or association of the defendant's marks with the plaintiff's SWEATWORKS mark, as well as with the corporate identity SweatWorks;

    B.    the origin, sponsorship, or approval of the defendant's marks by SweatWorks; and

    C.    the nature, characteristics, or qualities of the defendant's goods that bear variations of the plaintiff's SWEATWORKS mark and/or rendering of services by the defendant in association with variations of the plaintiff's SWEATWORKS mark.

81. The defendant's acts constitute unfair competition in violation of the common law of the State of Illinois.

RELIEF REQUESTED

WHEREFORE, the plaintiff, SweatWorks LLC, demands judgment:

A. Preliminarily and permanently enjoining the defendant, SweatWorking, from using SweatWorking, any term incorporating the term "SWEATWORKING," or any confusingly similar term, in any trade name, service mark, trademark, domain name, metatag, or any other use to promote goods or services;

B. Preliminarily and permanently enjoining the defendant from diluting the distinctive quality of the SWEATWORKS mark owned by SweatWorks;

C. Preliminarily and permanently enjoining the defendant from engaging in unfair methods of competition with SweatWorks;

D. Determining and awarding SweatWorks its damages resulting from the defendant's infringement of its common law trademark rights, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

E. Determining and awarding SweatWorks its damages resulting from the defendant's infringement of its federally registered mark SWEATWORKS, as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

F. Determining and awarding SweatWorks the profits and enhanced profits gained by the defendant as a result of its willful infringement of the rights of SweatWorks, including its rights in its federally registered mark SWEATWORKS, as alleged in this complaint, plus interest, costs, and attorneys' fees;

G.  Determining and awarding SweatWorks its damages resulting from the defendant's violation of 15 U.S.C. § 1125(a), as alleged in Count III of the complaint, plus interest, costs, and attorneys' fees;

H.  Determining and awarding SweatWorks its damages resulting from the defendant's dilution under 15 U.S.C. § 1125(c), as alleged in Count IV of the complaint, plus interest, costs, and attorneys' fees;

I.  Determining and awarding SweatWorks its damages resulting from the defendant's dilution under the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/1, et seq., as alleged in Count V of the complaint, plus interest, costs, and attorneys' fees;

J.  Determining and awarding the plaintiff its damages resulting from the defendant's actions, as alleged in Count V of the complaint, plus interest, costs, and attorneys' fees;

K.  Preliminarily and permanently enjoining the defendant from violating 765 ILCS 1036/1, et seq. as alleged in Count V;

L.  Entering judgment that the defendant has committed unfair and deceptive acts or practices declared unlawful under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., as alleged in Count VI;

M.  Entering judgment that the defendant has engaged in unfair competition under Illinois common law, as alleged in Count VII;

N.  Determining that the defendant's actions in infringing the rights of SweatWorks and in engaging in unfair competition were willful and increasing the award of damages to SweatWorks as a result of those willful actions; and

O.  Granting such other and further relief as this Court may deem just and proper.

JURY DEMAND

The plaintiff demands a trial by jury on all issues properly tried to a jury.

Dated: November 12, 2019

Respectfully submitted,

SweatWorks LLC

By its attorneys,

/s/ Mariangela M. Seale
Mariangela M. Seale, #6293433
Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
mseale@rshc-law.com

Of counsel to be admitted *pro hac vice*:

Susan G. L. Glovsky BBO# 195880
susan.glovsky@hbsr.com
Samuel J. Sussman BBO# 696909
samuel.sussman@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: 617-607-5900
Fax: 978-341-0136